# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID GERMAINE WHITE, | ) |
| Petitioner, | ) |
| v. | ) No. 4:17-CV-1332 JMB |
| CINDY GRIFFITH, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having carefully reviewed the record, the Court will order petitioner to show cause as to why the it should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

## The Petition

On March 23, 2012, after a bench trial, petitioner was found guilty of burglary in the first degree, unlawful use of a weapon, endangering the welfare of a child and property damage in the second degree. Petitioner was sentenced to twenty-five (25) years' imprisonment. *See State v. White*, No. 1122-CR00277-01 (22nd Judicial Circuit, City of St. Louis). Petitioner's conviction and sentence were affirmed on direct appeal on May 7, 2013. *See White v. State*, No.ED98194 (Mo.Ct.App.).

Petitioner filed a motion for post-conviction relief on July 22, 2013. *See Mullins v. State*, No. 1322-CC08975 (22nd Judicial Circuit, City of St. Louis). The trial court denied his motion on December 31, 2014. *Id.* Petitioner filed a timely appeal of the denial, and the Missouri Court of

Appeals affirmed the trial court's decision on October 27, 2015. *See Mullins v. State*, No. ED102604 (Mo.Ct.App.). The mandate was entered on November 18, 2015.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The United States Supreme Court, in *Gonzalez v. Thaler*, 132 S.Ct. 641 (2012), held that a judgment becomes final under § 2244)(d)(1)(A) when the time for seeking review in the state's highest court expires. For Missouri prisoners, like petitioner, who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen (15) days after the

Missouri Court of Appeals affirms a conviction on direct appeal. *See* Mo.S.Ct.R. 83.02; *see also, Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate). Petitioner's one-year period of limitations, therefore, began to run on approximately November 18, 2015.[1]

Although petitioner purportedly signed his application for writ of habeas corpus on May 16, 2016, this Court did not receive his petition until April 13, 2017. Moreover, there is a discrepancy between the date petitioner allegedly "declared" that he was placing his petition in the prison mailing system, on May 4, 2016, and the date he "purportedly "signed" the petition, on May 16, 2016.[2] Additionally, petitioner's application for writ did not state that he had prepaid first-class postage.

Thus, petitioner was not in compliance with the Rule 3(d) of the Rules Governing Habeas Corpus when he filled out his certification, and his petition appears to be untimely, as it was filed more than a year after his post-conviction proceedings concluded.

Rule 3(d) of the Rules Governing Habeas Corpus, states:

> A paper filed by an inmate confined in an institution is timely filed if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in

---

[1] The time during which a properly filed post-conviction relief motion is pending tolls the statute of limitations. 28 U.S.C. § 2244(d)(2).

[2] The motion to proceed in forma pauperis does not clarify the discrepancy mentioned above. On his motion to proceed in forma pauperis, which was received on the same date as his petition, petitioner declares under penalty of perjury that he has reviewed the information on his motion for accuracy and signs and dates his motion on December 22, 2015. The certificate filled out below his signature by Potosi Correctional Center's Authorized Officer, is likewise signed and dated on December 22, 2015. Thus, it appears his petition and motion for in forma pauperis may have been completed at different times. In addition, both documents appear to have been completed on dates several months prior to the date this Court received the documents from Potosi Correctional Center.

compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

In light of the aforementioned, the Court will order petitioner to show cause, in writing and no later than thirty (30) days from the date of this Order, why this action should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action.

Dated this ___26th___ day of May, 2017.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE