UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID GERMAINE WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:17-CV-1332 JMB |
| | ) |
| CINDY GRIFFITH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. §§ 2254 and 2244.

### The Petition

On March 23, 2012, after a bench trial, petitioner was found guilty of burglary in the first degree, unlawful use of a weapon, endangering the welfare of a child and property damage in the second degree. Petitioner was sentenced to twenty-five (25) years' imprisonment. *See State v. White*, No. 1122-CR00277-01 (22nd Judicial Circuit, City of St. Louis). Petitioner's conviction and sentence were affirmed on direct appeal on May 7, 2013. *See White v. State*, No.ED98194 (Mo.Ct.App.).

---

[1] On May 26, 2017, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant petition for writ of habeas corpus as time-barred.

Petitioner filed a motion for post-conviction relief on July 22, 2013. *See Mullins v. State*, No. 1322-CC08975 (22nd Judicial Circuit, City of St. Louis). The trial court denied his motion on December 31, 2014. *Id.* Petitioner filed a timely appeal of the denial, and the Missouri Court of Appeals affirmed the trial court's decision on October 27, 2015. *See Mullins v. State*, No. ED102604 (Mo.Ct.App.). The mandate was entered on November 18, 2015.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The United States Supreme Court, in *Gonzalez v. Thaler*, 132 S.Ct. 641 (2012), held that a judgment becomes final under § 2244)(d)(1)(A) when the time for seeking review in the state's highest court expires. For Missouri prisoners, like petitioner, who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen (15) days after the Missouri Court of Appeals affirms a conviction on direct appeal. *See* Mo.S.Ct.R. 83.02; *see also, Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate). Petitioner's one-year period of limitations, therefore, began to run on approximately November 18, 2015.[2]

Although petitioner purportedly signed his application for writ of habeas corpus on May 16, 2016, this Court did not receive his petition until April 13, 2017. Moreover, there is a discrepancy between the date petitioner allegedly "declared" that he was placing his petition in the prison mailing system, on May 4, 2016, and the date he "purportedly "signed" the petition, on May 16, 2016.[3] Additionally, petitioner's application for writ did not state that he had prepaid first-class postage.

---

[2] The time during which a properly filed post-conviction relief motion is pending tolls the statute of limitations. 28 U.S.C. § 2244(d)(2).

[3] The motion to proceed in forma pauperis does not clarify the discrepancy mentioned above. On his motion to proceed in forma pauperis, which was received on the same date as his petition, petitioner declares under penalty of perjury that he has reviewed the information on his motion for accuracy and signs and dates his motion on December 22, 2015. The certificate filled out below his signature by Potosi Correctional Center's Authorized Officer, is likewise signed and dated on December 22, 2015. Thus, it appears his petition and motion for in forma pauperis may have been completed at different times. In addition, both documents appear to have been completed on dates several months prior to the date this Court received the documents from Potosi Correctional Center.

Thus, petitioner was not in compliance with the Rule 3(d) of the Rules Governing Habeas Corpus when he filled out his certification, and his petition appears to be untimely, as it was filed more than a year after his post-conviction proceedings concluded.[4]

Rule 3(d) of the Rules Governing Habeas Corpus, states:

> A paper filed by an inmate confined in an institution is timely filed if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

In his response to the Order to Show Cause, petitioner states that when he did not receive a response from the Court after he thought he filed his habeas petition, on some unnamed date, he "decided to look over [his] entire case file, and to [his] surprise found what [he] believed to have already mailed out was never sent." Petitioner claims in a conclusory fashion that he believes the correctional officers who searched his cell substituted one legal document for another and "put something else inside the manila envelope."

Petitioner has still not specified the date he actually sent his actual petition to this Court, other than to ask the Court to "accept his delayed delivery" of his petition. Moreover, he does not explain why he did not certify the proper date he placed his petition in the prison mailing system when he "mistakenly found" that his petition had not been sent out, in compliance with Rule 3(d) of the Rules of Habeas Corpus.

Pursuant to Rule 3(d), the Court finds that petitioner did not timely file his petition in this Court. Although the Court is sympathetic to petitioner with regard to his "mistaken delivery"

---

[4] The Court understands that the prison mailing system takes additional time, but it certainly does not take almost a year.

issues, the Court does not believe that such a "mistake" warrants equitable tolling of the statute of limitations period in this instance.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

As petitioner has failed to give an equitable reason why his untimeliness should be excused, the Court must dismiss the petition under 28 U.S.C. § 2244.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus [Doc. #1] is **DENIED AND DISMISSED AS TIME-BARRED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this ___8th___ day of December, 2017.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE